UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD MALLORY,<br><br>　　　　Defendant. | No.  2:09-CR-0090 WBS<br><br>　　　2:12-CV-2700 EJG<br><br>**ORDER** |

----oo0oo----

The court sentenced defendant Edward Mallory to 292 months imprisonment on April 29, 2011 pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Docket No. 56.) Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on November 1, 2012. (Docket No. 65.) On November 15, 2012, Judge Garcia denied the § 2255 motion as untimely. (Docket No. 66.) On appeal, the Ninth Circuit vacated Judge Garcia's Order, and remanded the matter to this court because defendant did not have the opportunity to respond to the allegation that his motion was untimely. (Docket No. 77.)

1

On remand, this court appointed counsel to represent defendant and ordered further briefing on the § 2255 motion. (Docket Nos. 79, 82.)  The United States filed its Opposition to defendant's motion on February 19, 2014 (Docket No. 80.)  Defense counsel filed a Reply on October 24 2014.  (Docket No. 97.)  The court heard oral arguments on the motion on November 10 2014.

Defendant concedes that he filed his § 2255 motion after the one-year statute of limitations had expired on September 7, 2012.  (Def.'s Reply at 2 (Docket No. 97).) Defendant nonetheless argues that the court should not dismiss the motion as untimely under the doctrine of equitable tolling. (Id.)  According to defendant, the court should exclude the time during which his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) was pending.  (Id. at 3.)

"A § 2255 motion is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotation marks and citations omitted).

Defendant acknowledges that there appears to be no authority for his contention that the pendency of his § 3582(c)(2) motion should be deemed a sufficient extraordinary circumstance that interfered with his ability to timely file his § 2255 motion.  Under the circumstances of this case, the court cannot find that the pendency of defendant's § 3582(c)(2) motion rose to the level of an "extraordinary circumstance."

The Supreme Court has set a high bar for finding such

1 circumstances exist.  See, e.g. Holland v. Florida, 560 U.S. 631,
2 651-52 (2010) (recognizing that a garden variety claim of a
3 defense attorney's excusable neglect does not warrant equitable
4 tolling); Lawrence v. Florida, 549 U.S. 327, 336-37 (2007)
5 (holding that a defense attorney's miscalculation of the statute
6 of limitations period does not present special circumstances to
7 warrant equitable tolling).  Defendant points to several
8 "fairness and policy considerations," (Def.'s Reply at 3), but
9 these alone do not constitute extraordinary circumstances that
10 stood in the way of his ability to file a § 2255 motion.
11        Defendant attempts to analogize to cases holding that a
12 § 2255 motion should await disposition of a defendant's direct
13 appeal.  (Def.'s Reply at 4.)  "For reasons of judicial economy,
14 a district court should not entertain a habeas corpus petition
15 while there is an appeal pending . . . ."  United States v.
16 Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (internal quotation
17 marks omitted).  Here, the same judicial economy concerns are not
18 present.  Defendant's § 3582(c)(2) motion was defendant's attempt
19 to take advantage of an amendment to the sentencing guidelines.
20 Unlike a direct appeal, the issues raised in defendant's §
21 3582(c)(2) motion are not the type that would overlap with a §
22 2255 motion.
23        IT IS THEREFORE ORDERED that defendant's § 2255 motion
24 be, and there same hereby is, DENIED.
25 Dated:  November 10, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3